**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRENDA GARCIA, | : | CIVIL ACTION NO. 16-5248 (JLL) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| MIDLAND FUNDING LLC, | : | |
| Defendant. | : | |

**LINARES, District Judge**

The plaintiff, Brenda Garcia, brought this action to recover damages for an alleged violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA") by the defendant, Midland Funding LLC (hereinafter, "MFLLC"). (See dkt. 1.)[1] MFLLC now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6). (See dkt. 4 through dkt. 4-3; dkt. 12.) Garcia opposes the motion. (See dkt. 9; dkt. 9-1.)

The Court will resolve the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). The Court presumes the familiarity of the parties with the factual context and procedural history of the action. The Court will grant the motion for the following reasons.

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

## BACKGROUND

Garcia incurred a debt that MFLLC acquired by assignment. (See dkt. 1 at 3; dkt. 4-1 at 6; dkt. 4-2 at 7.) MFLLC then brought an action in New Jersey state court to collect on the debt. See No. DC-15-9378 (N.J. Superior Court, Hudson County). A default judgment was entered against Garcia in that state action in December 2015. Id.

According to Garcia, MFLLC ran afoul of the FDCPA when it "demanded attorney's fees when it is not entitled to the same" in the collection lawsuit brought against her in state court. (Dkt. 1 at 3; see dkt. 4-2 at 3 (setting forth the Wherefore Clause in the complaint in the underlying state collection lawsuit wherein MFLLC "demands . . . attorneys' fees").) Garcia further alleges that MFLLC "is neither permitted by law or by contract to attorney's fees from Garcia," and thus MFLLC "unlawfully demand[ed] attorney's fees." (Dkt. 1 at 3–4; see also id. at 5 (stating that MFLLC's inclusion of a claim for attorney's fees in the collection lawsuit "is not expressly authorized by New Jersey law").)

## LEGAL STANDARD

It is not necessary for the Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6) to dismiss a complaint, because that standard has been already enunciated. See Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth the standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard; citing Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

## DISCUSSION

MFLLC argues in support of its motion to dismiss that its claim for attorney's fees in the underlying collection lawsuit was: (1) permissible pursuant to a New Jersey statute that requires the clerk of the New Jersey state court to add such fees to an award if the party bringing the lawsuit prevails; and (2) not in excess of the percentage set by New Jersey law. (See dkt. 4-1 at 5–6.) See N.J.S.A. 22A:2-42 (stating that the state court clerk will "tax[] . . . in the costs against the judgment debtor, a fee to the attorney of the prevailing party" at a particular rate).

Garcia argues in opposition that this Court should follow case law addressing the laws of states other than New Jersey that do not provide for a demand of attorney's fees in a collection lawsuit. (See generally dkt. 9.) Furthermore, Garcia argues that MFLLC violated the FDCPA by failing to explicitly notify her of the exact amount that it was seeking for attorney's fees in the state collection lawsuit. (Id. at 7.)

Garcia's arguments are not persuasive, and MFLLC's motion is granted. First, a district court within the District of New Jersey has previously determined that a debt collector does not run afoul of the FDCPA when it asserts a claim for attorney's fees in a debt collection lawsuit in a New Jersey state court, because such a claim is legally permitted under N.J.S.A. 22A:2-42. See Scioli v. Goldman & Warshaw P.C., 651 F.Supp.2d 273, 277–80 (D.N.J. 2009) (citing Bancredit, Inc. v. Bethea, 168 A.2d 250 (N.J. App. Div. 1961)). Indeed, the holding in Scioli has been cited with approval by the New Jersey Appellate Division when it was called upon to determine whether attorney's fees are recoverable in debt collection cases that are brought in the New Jersey state

courts. See Chase Bank USA, N.A. v. Staffenberg, 17 A.3d 239, 255 (N.J. App. Div. 2011) (expressly agreeing with the holding in Scioli because it "comports with" New Jersey law).

Second, MFLLC was not required to assert the exact amount of the attorney's fees that it sought in the state collection lawsuit. The FDCPA simply does not require a debt collector to itemize the attorney's fees that are sought pursuant to N.J.S.A. 22A:2-42. See Scioli, 651 F.Supp.2d at 281, n.15.

Therefore, the Court finds that the demand by MFLLC for attorney's fees from Garcia did not violate the FDCPA, because MFLLC was "permitted by law" to do so pursuant to N.J.S.A. 22A:2-42. See 15 U.S.C. § 1692f(1).

## CONCLUSION

For the aforementioned reasons, the Court grants MFLLC's motion to dismiss the complaint. The Court will enter an appropriate order and judgment.

JOSE L. LINARES
United States District Judge

Dated: January 17th, 2017